UNITED STATES DISTRICT COURT
OF THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSE SHUMOW, as Personal Representative of the Estate of MOSE SHUMOW,<br><br>    Plaintiff,<br><br>v.<br><br>KEOLIS COMMUTER SERVICES, LLC,<br>THE MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATHAN DROWN, and<br>CITY OF BEVERLY,<br><br>    Defendants. | Civil Action No. 1:22-cv-11623-DJC |

**DEFENDANTS KEOLIS, THE MBTA, AND NATHAN DROWN'S ANSWER TO THE PLAINITFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

The defendants, Keolis Commuter Services, LLC (Keolis), the Massachusetts Bay Transportation Authority (MBTA), and Nathan Drown (collectively, train defendants) respond, paragraph by paragraph, to the plaintiff's complaint as follows:

**I.    PRELIMINARY STATEMENT**

1.    The allegations in this paragraph contain conclusions of law to which a response is not necessary.

**II.    PARTIES**

2.    The train defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

3.  The train defendants admit that Keolis has a principal place of business in Boston, County of Suffolk, Commonwealth of Massachusetts.  As to the remaining allegations, they contain conclusions of law to which a response is not required.

4.  The train defendants admit that the MBTA, at all relevant times hereto, maintained a place of business located in Boston, County of Suffolk, Commonwealth of Massachusetts. As to the remaining allegations, they contain conclusions of law to which a response is not required.

5.  The train defendants admit that Nathan Drown (Drown) is a resident of the State of New Hampshire.

6.  The allegations in this paragraph refer to another defendant and therefore a response is not required.

### III.    JURISDICTION

7.  The allegations in this paragraph contain conclusions of law to which a response is not necessary.

### IV.    FACTS

8.  The train defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

9.  The train defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph.

10.  Admitted.

11.  The train defendants admit that train #155 was operated by Drown an employee of Keolis.  As to the remaining allegations they are denied.

2

12.    Denied.

13.    The allegations in this paragraph contain conclusions of law to which a response is not

required.  To the extent a response is necessary, they are denied.

14.    The allegations in this paragraph contain conclusions of law to which a response is not

required.  However, to the extent a response is required, the train defendants state that

the MBTA and Keolis entered into a contract, the terms of which speak for themselves.

15.    Denied.

### a.  The Incident

16.    The train defendants are without sufficient knowledge or information to form a belief as

to the truth of the allegations contained in this paragraph.

17.    The train defendants are without sufficient knowledge or information to form a belief as

to the truth of the allegations contained in this paragraph.

18.    The train defendants are without sufficient knowledge or information to form a belief as

to the truth of the allegations contained in this paragraph.

19.    The train defendants are without sufficient knowledge or information to form a belief as

to the truth of the allegations contained in this paragraph.

20.    The train defendants are without sufficient knowledge or information to form a belief as

to the truth of the allegations contained in this paragraph.

21.    The train defendants are without sufficient knowledge or information to form a belief as

to the truth of the allegations contained in this paragraph.

22.    Denied.

23.    Denied.

24.     Denied.

     **b.  Prior Accidents**

25.     Denied.

26.     The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27.     The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28.     The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29.     The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30.     The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31.     The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32.     The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33.     The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34.     The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35.   The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36.   The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37.   The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38.   The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### c.   Standard of Care for Pedestrian Crossings

39.   The document referenced in this paragraph speaks for itself and to the extent the factual allegations contained therein are inconsistent therewith, they are denied. Further, the train defendants deny that the cited document completely or solely governed the conduct of the parties at the time of the incident.

40.   The document referenced in this paragraph speaks for itself and to the extent the factual allegations contained therein are inconsistent therewith, they are denied. Further, the train defendants deny that the cited document completely or solely governed the conduct of the parties at the time of the incident.

41.   The document referenced in this paragraph speaks for itself and to the extent the factual allegations contained therein are inconsistent therewith, they are denied. Further, the train defendants deny that the cited document completely or solely governed the conduct of the parties at the time of the incident.

42.   Denied.

43.    Denied.

44.    Denied.

     d.  **Horn Requirements**

45.    The allegations in this paragraph contain conclusions of law to which a response is not

     required.  Further, the train defendants deny that the cited law governed the conduct of

     the parties at the time of the incident.

46.    The allegations in this paragraph contain conclusions of law to which a response is not

     required.  Further, the train defendants deny that the cited law governed the conduct of

     the parties at the time of the incident.

47.    Denied.

48.    Denied.

49.    The allegations in this paragraph contain conclusions of law to which a response is not

     required.

50.    Denied.

51.    Denied.

52.    The allegations in this paragraph contain conclusions of law to which a response is not

     required.

53.    The allegation in this paragraph refer to another defendant and therefore a response is

     not required.  To the extent a response is required and to the extent this paragraph can

     be construed to be read against the train defendants, they are denied.

54.    The allegation in this paragraph refer to another defendant and therefore a response is not required. To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

55.    The allegation in this paragraph refer to another defendant and therefore a response is not required. To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

### e.  Beverly's Purported Quiet Zone[1]

56.    The allegation in this paragraph refer to another defendant and therefore a response is not required. To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

57.    The allegation in this paragraph refer to another defendant and therefore a response is not required. To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

58.    The allegations in this paragraph contain conclusions of law to which a response is not required.

59.    The allegation in this paragraph refer to another defendant and therefore a response is not required. To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

---

[1] To the extent that plaintiff's heading "e" requires a response, the train defendants deny the characterization of the quiet zone as "purported."

60.    The allegations in this paragraph contain conclusions of law to which a response is not required.

61.    The allegations in this paragraph contain conclusions of law to which a response is not required.

62.    The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

63.    The allegations in this paragraph contain conclusions of law to which a response is not required.

64.    The allegations in this paragraph contain conclusions of law to which a response is not required.

65.    The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

66.    The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

67.    The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

68.    The train defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

69.  The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

70.  Denied.

71.  The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

72.  Denied.

73.  Denied.

74.  The allegations in this paragraph contain conclusions of law to which a response is not required.

75.  The allegations in this paragraph contain conclusions of law to which a response is not required

76.  The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

77.  The allegations in this paragraph contain conclusions of law to which a response is not required.

78.  The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

### f.  Misrepresentations by the City of Beverly

79.    The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

80.    The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

81.    The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

82.    The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

### g.  No SSM or ASMs at Beverly Depo

83.    The allegations in this paragraph contain conclusions of law to which a response is not required.

84.    Denied.

85.    The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

86.    The allegation in this paragraph refer to another defendant and therefore a response is
       not required.  To the extent a response is required and to the extent this paragraph can
       be construed to be read against the train defendants, they are denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    The allegations in this paragraph contain conclusions of law to which a response is not
       required.

91.    Denied.

92.    Denied.

93.    Denied.

94.    The document referenced in this paragraph speaks for itself and to the extent the
       factual allegations contained therein are inconsistent therewith, they are denied.

## COUNT I
## (G.L. c. 229, § 2 Negligence vs. Keolis)

95.    The train defendants repeat, re-allege, and re-aver, and incorporate their responses to
       paragraphs 1 through 94 of the plaintiff's complaint as if fully stated herein.

96.    The allegations in this paragraph contain conclusions of law to which a response is not
       required.

97.    The train defendants admit only that the MBTA and Keolis entered into a contract
       regarding the operation and maintenance of the MBTA's Commuter Rail System, the

terms of which speak for themselves.   To the extent the factual allegations contained
herein are inconsistent therewith, they are denied.

98.    The allegations in this paragraph contain conclusions of law to which a response is not
       required.

99.    The allegations in this paragraph contain conclusions of law to which a response is not
       required.

100.   (a-f).  Denied.

101.   (a-c).  Denied.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

## COUNT II
### (G.L. c. 229, § 2 Negligence vs. MBTA)

106.   The train defendants repeat, re-allege, and re-aver, and incorporate their responses to
       paragraphs 1 through 105 of the plaintiff's complaint as if fully stated herein.

107.   The train defendants admit only that the MBTA owned commuter rail trains operated by
       Keolis.  As to the remaining allegations, they contain conclusions of law to which a
       response is not required.  To the extent a response is necessary, they are denied.

108.   The allegations in this paragraph contain conclusions of law to which a response is not
       required.

109.   The allegations in this paragraph contain conclusions of law to which a response is not required.

110.   (a-f).  Denied.

111.   (a-c).  Denied.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

**COUNT III**
**(G.L. c. 229, § 2 Negligence vs. Drown)**

116.   The train defendants repeat, re-allege, and re-aver, and incorporate their responses to paragraphs 1 through 115 of the plaintiff's complaint as if fully stated herein.

117.   The allegations in this paragraph contain conclusions of law to which a response is not required.

118.   The allegations in this paragraph contain conclusions of law to which a response is not required.

119.   (a-f).  Denied.

120.   Denied.

121.   Denied.

**COUNT IV**
**(G.L. c. 229, § 2 Negligence vs. City of Beverly)**

122.   The train defendants repeat, re-allege, and re-aver, and incorporate their responses to paragraphs 1 through 121 of the plaintiff's complaint as if fully stated herein.

123.  The allegation in this paragraph refer to another defendant and therefore a response is not required.

124.  The allegation in this paragraph refer to another defendant and therefore a response is not required.

125.  The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

126.  The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

127.  The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

128.  The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

129.  The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

130.  The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

131.  The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

132.  The allegation in this paragraph refer to another defendant and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

133.  The allegation in this paragraph refer to another defendant and therefore a response is not required.

134.  The allegation in this paragraph refer to another defendant and therefore a response is not required.

**COUNT V**
**(G.L. c. 229, § 2 Gross Negligence, Willful, Wanton, and Reckless Conduct vs. Keolis)**

135.  The train defendants repeat, re-allege, and re-aver, and incorporate their responses to paragraphs 1 through 134 of the plaintiff's complaint as if fully stated herein.

136.  The allegations in this paragraph contain conclusions of law to which a response is not required.

137.  The train defendants admit only that the MBTA and Keolis entered into a contract regarding the operation and maintenance of the MBTA's Commuter Rail System, the terms of which speak for themselves.   To the extent the factual allegations contained herein are inconsistent therewith, they are denied.

138.  The allegations in this paragraph contain conclusions law of law to which a response is not appropriate or required.

139.   The allegations in this paragraph contain conclusions law of law to which a response is not appropriate or required.

140.   The train defendants admit only that Keolis employed Drown.  As t the remaining allegation, they contain conclusions of law to which a response is not appropriate or required.

141.   (a-i).  Denied.

142.   Denied.

143.   Denied.

## COUNT VI
### (G.L. c. 229, § 2 Gross Negligence, Willful, Wanton, and Reckless Conduct vs. MBTA)

144.   The train defendants repeat, re-allege, and re-aver, and incorporate their responses to paragraphs 1 through 143 of the plaintiff's complaint as if fully stated herein.

145.   The MBTA admits only that it owned commuter rail trains operated by Keolis.  As to the remaining allegations they contain conclusions of law to which a response is not required or appropriate.

146.   Denied.

147.   The allegations in this paragraph contain conclusions of law to which a response is not required.

148.   The allegations in this paragraph contain conclusions of law to which a response is not required.

149.   (a-i).  Denied.

150.   Denied.

151.    Denied.

## COUNT VII
### (G.L. c. 229, § 2 Gross Negligence, Willful, Wanton, and Reckless Conduct vs. City of Beverly)

152.    The train defendants repeat, re-allege, and re-aver, and incorporate their responses to paragraphs 1 through 151 of the plaintiff's complaint as if fully stated herein.

153.    The allegation in this paragraph refer and pertain to another defendant and therefore a response is not required.

154.    The allegation in this paragraph refer and pertain to another defendant and therefore a response is not required.

155.    The allegation in this paragraph refer and pertain to another defendant and therefore a response is not required.

156.    The allegation in this paragraph refer and pertain to another defendant and therefore a response is not required.

157.    The allegations in this paragraph refer and pertain to another defendant and therefore a response is not required.

158.    The allegations in this paragraph refer and pertain to another defendant and therefore a response is not required.

159.    The allegations in this paragraph pertain to another defendant and contain conclusions of law and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

160.  The allegations in this paragraph pertain to another defendant and contain conclusions of law and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

161.  The allegations in this paragraph pertain to another defendant and contain conclusions of law and therefore a response is not required.  To the extent a response is required and to the extent this paragraph can be construed to be read against the train defendants, they are denied.

162.  The allegations in this paragraph pertain to another defendant and contain conclusions of law and therefore a response is not required.

163.  The allegations in this paragraph pertain to another defendant and contain conclusions of law and therefore a response is not required.

WHEREFORE, the train defendants respectfully request that this court

1.  Dismiss the plaintiff's complaint with prejudice,

2.  Award the train defendants their reasonable costs and attorney's fees, and

3.  Order such other relief that the court deems just and proper.

### AFFIRMATIVE DEFENSES

As a separate and distinct defense, the train defendants hereby allege and interpose the following affirmative defenses:

1.  Plaintiff's complaint fails to state a claim upon which relief can be granted.

2.  Railroad track are an open and obvious danger and, accordingly, the train defendants cannot be liable as a matter of a law.

3.      The decedent was a trespasser on the tracks and, accordingly, the train defendants cannot be liable as a matter of law.

4.      If the train defendants were guilty of any negligence and/or willful, wanton, or reckless conduct proximately causing the injuries set forth in the complaint, all of which the train defendants expressly deny, then the plaintiff decedent is guilty of negligence contributing to cause injuries alleged in the complaint.

5.      The plaintiff's claim should be barred because the plaintiff decedent was guilty of negligence, gross negligence, and/or willful, wanton, or reckless conduct which was a contributing cause of their injuries and which negligence was great than the amount of negligence and/or willful, wanton, or reckless conduct, if any, attributable to the defendants or alternatively, plaintiff's claims should be reduced by the amount of the plaintiff decedent's negligence.

6.      The actions or inaction of the train defendants were not the proximate cause of plaintiff's alleged injuries, but said injuries, if any, were the result of other intervening and superseding causes for which the train defendants were not responsible.

7.      The acts or failures to act alleged in the complaint were committed or omitted, if at all, by parties for whose conduct or inaction the defendants were not and are not legally responsible.

8.      Plaintiff's Complaint is barred by the Statute of Limitations.

9.      The train defendants' conduct was reasonable at all times.

10.     Plaintiff's claims are barred because the act of stepping on the tracks of a moving train is an open and obvious danger for which the defendants have no duty to warn.

11.     Plaintiff's claims are barred because plaintiffs have failed to mitigate the damages they claim, or alternatively, the damages are limited to the extent that the plaintiff has failed to mitigate damages.

12.     Plaintiff's claim is barred for failure to join an indispensable party.

13.     Plaintiff's claims are barred by G.L. c. 260, s. 2B (Statute of Repose).

14.     Plaintiff's claims against the train defendants are limited to the damages set forth in M.G.L. Chapter 258, §2, including the prohibition against punitive damages, interest and costs.

15.     Plaintiff's claim should be dismissed as Plaintiff failed to make proper presentment of this claim pursuant to M.G.L. Chapter 258, §4, specifically and particularly that the plaintiff failed to present their claims of negligence, negligent design of the crossing, and negligent ......

16.     Plaintiff's claims are barred because they are based upon the exercise or performance, or failure to exercise or perform a discretionary function.

17.     Plaintiff's claims are barred as they are based upon acts or omissions of a public employee exercising due care in the execution of a statute or regulation of a public employer.

18.   Plaintiff's claims are preempted by Federal Law.

19.   Plaintiff's claims are barred as defendant's alleged acts or omissions did not, as a matter of law, amount to willful, wanton or reckless conduct.

20.   Plaintiff's claims are barred as they arise out of an alleged act or failure to act to prevent the harmful consequences of a condition or situation for which the defendants were not the original cause.

21.   The plaintiff's claims of negligence and gross, negligence are barred by G.L. c. 229, § 2.

22.   Plaintiff's claims are barred as the train defendants are immune from liability pursuant to G.L. c. 258, § 10.

The train defendants hereby give notice that it intends to rely upon such other and further

defenses as may become available or apparent during discovery proceedings in this action, and hereby

reserves the right to amend its Answer and to assert any such defense by appropriate motion.

WHEREFORE, the train defendants respectfully requests that the Court:

1.   Deny the relief sought by the Plaintiff in the Complaint and dismiss the Complaint with

prejudice;

2.   Award the train defendants their reasonable costs and attorney's fees; and

3.   Order such other and further relief as the Court deems just and proper.

**THE DEFENDANTS DEMAND A JURY ON ALL TRIABLE ISSUES**

Respectfully Submitted,
Defendants,
Keolis Commuter Services LLC
The Massachusetts Bay Transportation Authority, and
Nathan Drown,
By Their Attorneys,


_____
John J. Bonistalli, Esq., BBO# 049120
Jennifer Lee Sage, Esq., BBO# 677949
Lindsay L. Jacobsen, Esq., BBO# 703523
Bonistalli & Lee

Dated:12/6/22                          699 Boylston Street, 12th Floor
                                       Boston, MA 02116
                                       617-737-1771


**CERTIFICATE OF SERVICE**

    I, Jennifer Lee, attorney for the defendants, Keolis, the MBTA, and Nathan Drown, hereby certify that a true copy of the foregoing document was filed electronically with the Federal Court's electronic filing system on December 6, 2022.

                                Jennifer M. Lee